IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BERT JEROME GALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2663-JDT-cgc |
| | ) | |
| WILLIAM P. GARDINIER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 15, 2016, Plaintiff Bert Jerome Galloway, a resident of Memphis, Tennessee, filed a *pro se* complaint on the form used for commencing an action pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Charmiane D. Claxton granted leave to proceed *in forma pauperis* on November 8, 2016, and issued a Report and Recommendation ("R&R") in which she recommended the Court dismiss the case *sua sponte* for failure to state a claim. (ECF No. 7.) Plaintiff filed a timely objection on November 16, 2016. (ECF No. 8.)

Plaintiff has sued Seneca Foods Corporation and it's Director of Consumer Affairs, William P. Gardinier. He alleges he became seriously ill after eating from a can of green beans manufactured by Seneca that contained a foreign metal object. (ECF No. 1 at PageID 2.) Plaintiff further alleges that Gardinier "failed to send [him] the proper claim sheet to present and resolve this claim at the company level." (*Id.* at PageID 3.) Plaintiff alleges the incident has made him afraid to eat canned

green beans. (ECF No. 1-1 at PageID 5.) He contends the Defendants' actions violated his constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments and seeks compensation in the amount of $45 million. (ECF No. 1 at PageID 4.)

Magistrate Judge Claxton found that the complaint fails to adequately allege how the Defendants' actions violated his constitutional rights. "A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983 claim, defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). Plaintiff does not explain how the Defendants acted under color of law such that their actions can be attributed to the state or local government. Therefore, the Magistrate Judge concluded the complaint does not state a plausible claim under § 1983.

The Court agrees with Magistrate Judge Claxton's conclusion and ADOPTS the R&R. Accordingly, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), the Court CERTIFIES that an appeal by Plaintiff would not be taken in good faith and DENIES leave to appeal *in forma pauperis*. Accordingly, if Petitioner files a notice of appeal, he must also pay the entire $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

              s/ **James D. Todd**
              JAMES D. TODD
              UNITED STATES DISTRICT JUDGE